Filed 5/27/25  P. v. Gutsu CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B336974 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA456525) |
| v. | |
| SERGEY GUTSU, | |
| Defendant and Appellant. | |

Sergey Gutsu (defendant) appeals his judgment of conviction for murder, robbery, and two counts of assault with a semi-automatic firearm.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On January 27, 2025, we sent defendant a letter notifying him of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter.  We have reviewed the entire record and, finding no arguable issues, affirm

the judgment.

On the afternoon of June 2, 2015, defendant entered a fast-food restaurant in Southern California, grabbed a bottle of water and approached the store owner, Pravin Patel, who was standing by the cash register. Defendant pulled out a semi-automatic pistol, pointed it at two of the restaurant patrons and told Patel to give him the money or he would shoot them. Patel handed defendant a bag with the money from the register and defendant walked towards the front door. Patel followed defendant and a brief struggle ensued during which Patel was shot dead.

In July 2016, defendant was arrested in Northern California on unrelated charges. Defendant told investigators that he robbed the Southern California restaurant in 2015, and Patel "charge[d] out the door, so I shot him." Ballistics analysis matched the weapon recovered from defendant with a shell casing found outside the restaurant, and DNA evidence found on the water bottle from the restaurant matched defendant's DNA profile.

A jury convicted defendant of the first-degree murder of Patel (Pen. Code, § 187, subd. (a)),[1] second-degree robbery (§ 211), and two counts of assault with a semi-automatic firearm (§ 245, subd. (b)). The jury found true the special circumstance allegation that defendant committed the murder during the course of the robbery (§ 190.2, subd. (a)(17)), and also found true various firearm enhancements (§§ 12022.5, subd. (a), 12022.53, subd. (d)). The trial court sentenced defendant to life without the possibility of parole plus 25 years to life to run consecutively with

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

any other sentence he was then serving.[2]

Defendant filed a timely notice of appeal.

We have independently examined the entire record on appeal and are satisfied that defendant's appellate counsel has fully complied with her responsibilities and that no arguable issues exist. (*Wende, supra*, 25 Cal.3d at p. 441.)

Defendant has, by virtue of counsel's compliance with the *Wende* procedure and our independent review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (See *Smith v. Robbins* (2000) 528 U.S. 259, 278-279; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P.J.

HOFFSTADT

---

[2] Defendant was serving a life sentence for two counts of attempted murder and robbery in Northern California. (See *People v. Morales* (2024) 102 Cal.App.5th 1120, 1123-1124.)

We concur:

_____, J.

BAKER


_____, J.

MOOR